[No. 5361.]
[No. 3010 C. A.]

## BAILEY V. CARLTON.

1. **Appellate Practice—Evidence—Harmless Error.**

In an action for commissions for services rendered in assisting defendant to obtain title to mining property, where it appeared that the sale of the property could not be consummated without a surrender of a lease thereon, and the owners of the lease had agreed with plaintiff to surrender it if he obtained a satisfactory option, one of the owners of the lease was asked as a witness whether he recollected that at a certain date he had practically abandoned hope of carrying out the sale, and if

defendant had not agreed or offered to surrender to him the agreement to surrender the lease, to which he answered that he did not recollect that, but knew that they had abandoned the idea of carrying out that contract, and never did carry it out. Held, that, although the question might have been improper, it being answered in the negative, except as to a matter which could not possibly injure plaintiff, there was no prejudicial error. —P. 9.

2. **Evidence—Admissibility—Conversations in Entirety.**

Where evidence of a conversation is admissible at all, the entire conversation is admissible.—P. 10.

3. **Appellate Practice—Evidence — Harmless Error — Exclusion of Question.**

In an action for commissions by a person engaged to assist defendant in securing title to certain mining property with a view to effecting a consolidation of it with other property, it appeared that, after plaintiff and defendant had been unsuccessful in effecting a purchase, another person had secured an option upon the property, and it had been subsequently transferred to a new corporation, in which later defendant had invested; but there was no proof that defendant had taken any part in procuring the option or organizing such company, or that he had, for the purpose of avoiding his contract with plaintiff, procured another person to secure title to the property. Held, that the exclusion of the question, asked defendant as a witness, "It was never understood that the legal title to their property was necessary to be taken in your name by yourself or plaintiff, was it?" was not prejudicial to plaintiff, since under the evidence what the contract provided for was immaterial.—P. 11.

4. **Brokers—Action for Compensation—Evidence.**

In an action for commissions by a person engaged to assist in securing title to certain mining properties, defendant's answer averred that he had taken no part in a transaction involving their subsequent purchase by another person, and plaintiff had testified that he would not be entitled to commissions had the person obtaining the purchase dealt with persons other than defendant. Held, that the evidence of the person who purchased the claims to the effect that defendant took no part in the transaction was admissible.—P. 11.

5. **Practice in Civil Actions—Instructions—Refusal of Requests —Matters Embraced in Others Given.**

It is not error to refuse a requested instruction where the principles of law embraced therein are embodied in another instruction therein given.—P. 12.

6. **Practice in Civil Actions—Instructions.**

In an action for commissions for services rendered in obtaining title to property, where the complaint alleged that plaintiff agreed to assist defendant in securing title to the property and that defendant, by reason of such assistance, did secure the title, plaintiff cannot complain of an instruction basing his right to recover upon proof of such allegation.—P. 13.

7. **Brokers—Commissions—Actions—Instructions.**

In an action for commissions for services rendered in assisting to obtain title to mining claims, the court instructed that, if plaintiff and defendant were unable to agree with the owners in the purchase of the claims, and other persons, not co-operating with defendant, thereafter initiated negotiations with the owners for such purchase, and put the claims into a consolidated company, plaintiff could not recover even though defendant on request contributed to the purchase. Held, that such instruction is not subject to the objection that, in effect, it states that plaintiff, even if he had complied fully with his contract, cannot recover if he and defendant were unable to agree with the owners of the claims as to their purchase.—P. 14.

8. **Practice in Civil Actions — Instructions — Considered as an·**
   **Entirety.**

In construing an instruction, it cannot be divided into incomplete phrases, but must be taken as an entirety.—P. 14.

9. **Brokers—Commissions—Action—Instructions.**

In an action for commissions under a contract by which plaintiff was employed to assist defendant in acquiring the title to mining property for consolidation with other property, the court instructed that plaintiff could not recover if he and defendant were unable to effect a sale with the owners, and other persons not co-operating with defendant subsequently did so, and effected a consolidation, even though defendant, by request, contributed to the purchase. Held, that such instruction was not inconsistent with the terms of the contract, since the thing contracted to be done was the securing of the title to the property and the making of the consolidation by plaintiff and not by some person not connected or associated with him.—P. 14.

10. **Brokers—Right to Commissions.**

If plaintiff contracted to assist defendant in purchasing mining claims and consolidating them with other property, and the attempt was unsuccessful and the project was abandoned, defendant is not thereby precluded from afterwards negotiating with others to carry out the same enterprise; and, if the con-

solidation is accomplished in connection with other persons wholly independent of plaintiff's efforts, he cannot recover for his unsuccessful services.—P. 16.

*Appeal from the District Court of Teller County.*
*Hon. Robert E. Lewis, Judge.*

Action by Morton S. Bailey against Albert E. Carlton for commissions. From a judgment for defendant, plaintiff appeals.                    *Affirmed.*

Messrs. RICHARDSON & HAWKINS, for appellant.

Mr. IRA HARRIS, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The complaint in this action alleges that on or about the first day of June, A. D. 1900, the defendant "employed the plaintiff to assist him in procuring the title to two certain lode mining claims situate in Cripple Creek Mining District, Teller county, state of Colorado, known as the Doctor and Chief lode mining claims, for the purpose of effecting a consolidation of said claims with certain other lode mining claims situate contiguous thereto, and the defendant then and there contracted with and agreed to pay to the plaintiff for such services the sum of 5 per centum upon any amount which it might be found necessary to pay to the owners of the said Doctor and Chief lode mining claims, for the purpose of securing the same so as to effect said consolidation"; that the plaintiff accepted the employment, entered actively upon the work of aiding and assisting the defendant in securing the claims, and continued to do so until the consolidation was effected; "that on or about the first day of December, A. D. 1900, the defendant, while the plaintiff was so engaged in aiding and assisting him as aforesaid, did secure the title

to said lode mining claims and did effect the consolidation of said properties, including the said Doctor and Chief lode mining claims, in which said consolidation there was paid to the owners of the said Doctor and Chief lode mining claims the sum of $450,000.00''; that by reason of the said consolidation and the aid and assistance rendered therein by plaintiff, there became due and owing from the defendant to the plaintiff the sum of $22,500.00, which has not been paid.

The defendant answered this complaint first by a general denial, then by a special defense in which he alleged that he authorized the plaintiff to get an option for the sale of the property and agreed to pay him a commission of 5 per cent., provided the plaintiff could get the properties or an option for their purchase at a price satisfactory to the defendant; that defendant gave the plaintiff ample time to procure the option, but that plaintiff failed to do so; that during the fall of 1900 H. H. Lee, of Denver, secured an option for the sale of the property in the name of J. A. Hayes, trustee, and under such option the owners transferred to The Doctor-Jackpot Consolidated Mining Company the properties mentioned in the complaint, and that the properties were purchased by this mining company wholly through the efforts of Lee, and that the plaintiff rendered no assistance whatever in such purchase.

Plaintiff denied the allegations of this answer. There was a verdict and judgment for the defendant, and plaintiff appeals.

The first alleged error discussed in the briefs relates to the testimony of A. M. Stevenson, a witness for the plaintiff. It appears that Mr. Stevenson and Josiah Winchester had a lease upon the properties described in the complaint, and that the sale could not be consummated without a surrender of this

lease; that Stevenson and Winchester had agreed with the plaintiff to surrender the lease in the event of his securing a satisfactory option. Such an option was not secured. Upon the cross-examination of Mr. Stevenson, the following question was asked:

"Do you recollect, Mr. Stevenson, that you had practically abandoned the hope of carrying this matter out in September, and at that time did not Mr. Carlton agree or offer to surrender this to you?" Evidently having reference to the agreement to surrender the lease. Plaintiff objected to this question as being immaterial. This objection was overruled. The witness answered: "I don't recollect that. I know that we had abandoned the idea of carrying out that contract, and never did carry it out." The plaintiff could not have been prejudiced by this question or answer, even though it was improper (which we do not determine), for the reason that with the exception of the statement that the contract was never carried out and consequently was abandoned, the balance of the question was answered in the negative. The plaintiff surely was not injured by Mr. Stevenson's saying he did not recollect that they had practically abandoned the hope of carrying the matter out in September.

The defendant testified, without objection, that at the plaintiff's suggestion he called upon Mr. Robison, who was one of the owners of the property, and had a conversation with him relative to its purchase. In the course of his testimony he stated that Mr. Robison declared with much emphasis that his (the defendant's) time had been wasted and that he (Robison) never would sell the property for the price named by defendant. This last statement was objected to, the objection overruled, and plaintiff assigns error for that.

If the conversation with Mr. Robison was admissible at all—and we cannot conceive of any reason why it was not, and the plaintiff does not assert that it was not—then it was perfectly proper to give the entire conversation.

In the course of the trial, testimony was admitted which tended to show that Mr. Lee secured an option upon the property; that he, with the co-operation of Edward J. Seeley, sold this property to Clarence Edsall, who had it transferred to J. A. Hayes, trustee, pending the formation of the corporation called The Doctor-Jackpot Consolidated Mining Company, to which it was afterwards transferred. About the time that this arrangement was completed, the defendant was approached by some of the promoters and requested to take part in the enterprise, which he did, investing the sum of $25,000.00 in this new company.

Upon cross-examination of the defendant in relation to this consolidation thus effected, he was asked the following question: "It was never understood that the legal title to these properties was necessary to be taken in your name by yourself or Judge Bailey, was it?" This question was objected to and the objection sustained. It is contended that the court erred in this. If there was error committed by the court in this respect, it was without prejudice to the plaintiff, for the reason that the uncontradicted testimony shows conclusively that the defendant was not a party to the procuring of the option nor to the organization of the enterprise which finally brought about the consolidation of the properties, until the transaction was practically consummated. This being true, it is immaterial as to whether or not the contract made by the plaintiff and defendant contemplated that the legal title to the property should be taken in the name of the plaintiff or defendant or in

the name of some other person. If the proof had tended to show that the defendant, for the purpose of avoiding his contract with the plaintiff, had procured some other person to secure the title to the property, a different rule would obtain; but here there is a total absence of any proof which imputes an unfair or dishonest motive on the part of the defendant, and there is nothing to show that the title to the property was obtained either by him or through his instrumentality or that of the plaintiff. Consequently, even though the question may have been proper under the pleadings, an examination of the transaction as shown by the testimony demonstrates that the sustaining of the objection was without prejudice to the rights of the plaintiff.

Mr. Edsall, a witness called for defendant, was permitted, over the objection of plaintiff, to testify that he purchased the claims in question from Mr. Seeley, and to give the circumstances and details under which he purchased them, and also to testify that the defendant took no part in the transaction. This is assigned as error. We fail to see the force of the contention, in view of the fact that the answer of the defendant alleges the very thing which was proven by Edsall's testimony. Plaintiff testified that he would not be entitled to his commission if Lee was conducting his negotiations with parties other than the defendant, and Edsall's testimony was admissible for the purpose of showing that that very fact existed.

This disposes of all the objections and exceptions which were made and reserved during the taking of the testimony.

Instruction No. 2, requested by the plaintiff, was to the effect that if they believed the contract set out in the complaint had been established and that the plaintiff performed the obligations imposed upon

him by the contract, that notwithstanding the fact that others may have been engaged in endeavoring to accomplish the same purpose, yet, if the defendant had not revoked the plaintiff's authority and the purpose of the contract was consummated, the plaintiff was entitled to recover. The court refused to give this instruction, but did give instruction No. 5, requested by the plaintiff, which embodies the same principle of law. Consequently, there was no error in the refusal to give Instruction No. 2.—*Baldwin v. Central Savings Bank,* 17 Colo. App. 7.

Plaintiff complains bitterly because of the instructions given by the court to the jury, asserting that the court tried the case upon a wrong theory. As we read the instructions, they are in absolute harmony with the case made by the pleadings and the testimony. Instruction No. 1 is as follows:

"Now the jury are instructed that if you find and believe by the preponderance or greater weight of the evidence that the defendant, in the summer of 1900, did employ the plaintiff to assist him in procuring the title to said Doctor and Chief lode claims, for the purpose of putting said claims, with others, into a consolidation, and agreed to pay plaintiff 5 per centum on the amount at which said claims might be purchased; that plaintiff agreed thereto, and immediately thereupon and thereafter did assist the defendant in procuring the title to said claims, and that defendant, about December 1st, 1900, while plaintiff was so assisting him, did procure from Cone and Robison, the owners of said lode claims, the title thereto, at a consideration of $450,000.00 paid, and did put said claims into a consolidation with other contiguous claims, then the jury will find for the plaintiff and assess his damages at $22,500.00, together with 8 per cent. per annum interest thereon from the time plaintiff made demand upon defend-

ant for the payment of said sum to this date; otherwise you will return a verdict for the defendant."

The plaintiff says that this instruction is erroneous because it limits his right to recover by the interposition of several contingencies not mentioned in the contract, the first of which—that the defendant should secure the title from the owners—is wholly foreign to the contract. Plaintiff's case, as made by the complaint, rests upon the allegation that the defendant, while the plaintiff "was so aiding and assisting him as aforesaid, did secure the title to said lode mining claims and did effect a consolidation of said property." Having alleged that the plaintiff agreed to assist the defendant in securing the title and that defendant, by reason of such assistance, did secure the title, plaintiff cannot complain of an instruction which bases his right to recover upon proof of the allegation.

Again, that portion of the instruction found in the following words: "Did put such claims into a consolidation" is asserted to be a modification of the contract, yet, the words used by the court are the very words that are used by the plaintiff in stating his cause of action. And so with the next objection which is urged to this instruction, that is, that the defendant should have secured the title while plaintiff was assisting him. Yet the language of the complaint is that the defendant "while the plaintiff was so aiding and assisting him as aforesaid, did secure the title to said lode mining claims."

The third instruction given by the court to the jury is as follows:

"Although the jury may find and believe from the evidence that the defendant did employ the plaintiff to assist him in securing the title to said lode claims, and did agree to pay the plaintiff 5 per cent. on the purchase price at which said lode claims

should be taken into a consolidated company, and that plaintiff did render services in an attempt to procure said lode claims to be put into said consolidated company, yet, if you further find and believe from the evidence that plaintiff and defendant were unable to agree with Robison and Cone in the purchase of said claims, and that other persons, not co-operating with defendant, thereafter initiated negotiations with said Robison and Cone for the purchase of said lode claims and put them into a consolidated company, you will return a verdict for the defendant, even though you may further find and believe from the evidence that the defendant, on request, contributed to the purchase of said lode claims.''

The plaintiff quarrels with this because of the phrase, if the jury ''believe from the evidence that plaintiff and defendant were unable to agree with Robison and Cone in the purchase of said claims.'' Plaintiff contends that this, in effect, tells the jury that if the plaintiff had made out a complete case; if he had complied fully with all of the terms of the contract, yet he could not recover if ''the plaintiff and defendant were unable to agree with Robison and Cone in the purchase of said claims.'' The instruction must be taken as an entirety. It cannot be divided into phrases which are incomplete, and thus destroy its sense. The balance of the clause is, ''and that other persons, not co-operating with defendant, thereafter initiated negotiations with said Robison and Cone for the purchase of said lode claims and put them into a consolidated company,'' plaintiff could not recover, even though the defendant contributed to the purchase of the property.

Plaintiff also contends that the phrase ''other persons not co-operating with defendant'' is not warranted by the contract, because, as he says, ''the only

contingency provided for by the contract is that the consolidation shall be effected." This is not true, because the contract as alleged by the plaintiff is that the defendant was employed to assist the plaintiff in securing the title to the property for the purpose of effecting a consolidation of said claims with certain other property, and that the plaintiff did secure the title to the property and did effect the consolidation. The thing contracted to be done was securing the title to the property and the making of the consolidation by the plaintiff, and not by some person not connected or associated with him.

Plaintiff, in his testimony, stated: "I wouldn't obtain any commission, I wouldn't be entitled to any commission if Mr. Carlton was not the party for whom Mr. Lee was acting. If Mr. Lee was acting for some other parties and was effecting a consolidation through others, then I wouldn't have any commission." This instruction relates to that very phase of the contract which was pleaded and proven by the plaintiff.

Defendant testified that about the first of September he and the plaintiff concluded that they would be unable to purchase this property from Robison and Cone and make the consolidation, because of the price at which it was held by the owners, and that the project was abandoned. Plaintiff said that, while there were no further negotiations or communications after about August 27th upon his part, there was no thought of an abandonment.

The fourth instruction given by the court is to the effect that if there was an abandonment of the contract and that thereafter the defendant acting with others succeeded in obtaining the property and making the consolidation, and this independent of any of the efforts of plaintiff, the plaintiff could not

recover. The defendant was entitled to this instruction upon his theory of the case. If, as he contends, he and the plaintiff found that they were unable to make the purchase of the property and abandoned the project, this would not prohibit the defendant from afterwards negotiating with others to carry out the same enterprise, and if the matter was accomplished in connection with others, wholly and absolutely independent of any efforts made by the plaintiff, plaintiff could not recover for his services which had proven to be futile.

The ninth instruction is as follows:

"The court instructs you that although you may find from the evidence that the defendant employed the plaintiff to assist him in procuring title to the Doctor and Chief mining properties for the purposes of consolidation, still, if you further find from the evidence that the titles to such properties were acquired by some one other than the defendant herein, and that the defendant did not actively participate. or take part, in acquiring the title to such properties, then your verdict must be for the defendant."

This instruction is based upon the allegations of defendant's answer and the testimony introduced on behalf of the defendant, and if the jury found the facts as therein stated, the plaintiff would then have no cause of action against the defendant.

We are satisfied that under the pleadings and the proof the plaintiff had no right of recovery against the defendant. We are unable to find wherein the court erred in the trial of the cause and the judgment will, therefore, be affirmed.     _Affirmed_.

CHIEF JUSTICE STEELE and MR. JUSTICE GODDARD concur.